UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENDRIX AND JUSTIN HENDRIX, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:09CV1079 HEA |
| vs. ) | |
| ) | |
| LARRY W. CURTIS, Deceased, ) | |
| DIEUDONNE HILAIRE, and ) | |
| ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 10]. Defendant Werner Enterprises, Inc. opposes the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiffs filed this action in the Circuit Court for Jefferson County, Missouri on May 14, 2009. The Petition alleges the following: On May 1, 2008, Plaintiffs were passengers in a motor vehicle operated by Defendant Larry Curtis when Curtis negligently and carelessly operated the vehicle so as to cause it to come into collision with an 18 wheeler tractor-trailer truck being owned by Defendant Werner and operated by its employee, Defendant Dieudonne Hilaire. The Petition further

alleges that Defendant Hilaire, acting as agent of defendant Werner, was negligent in the operation of his motor vehicle. Plaintiffs seek monetary damages for injuries allegedly sustained as a result of the alleged negligence.[1]

On May 14, 2009, Plaintiffs filed a Motion to Appoint Defendant Ad Litem. This motion sought the appointment of Joseph Sanchez, attorney at law, as Defendant Ad Litem to carry out the duties set forth in § 537.021 RSMo. The Motion sets out that Plaintiffs believed decedent Defendant Larry Curtis was insured for the liability asserted by Plaintiffs in this matter by Hallmark Insurance Company. The Motion was granted by the Circuit Court on May 14, 2009. Defendant Werner removed the action to this Court on July 10, 2009 based on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Defendant's Notice of Removal sets out that Defendant Hilaire is a "resident"[2] of the State of Florida; Werner is a "resident"of the State of Nebraska, and Plaintiffs are "residents" of the State of Missouri. Defendant further sets out that Defendant Curtis is no longer a

---

[1] Count I is brought against Defendant Curtis. Count II is brought against Defendants Hilaire and Werner. The Petition, however seeks damages against Defendant Curtis in Count I and Curtis and Werner in Count II. The Court, presumes this to be a typographical error and assumes that Plaintiffs are seeking damages from Defendants Hilaire and Werner based on the allegations contained in Count II.

[2] Although Defendant sets out that the defendants are "residents" of different states, for diversity of citizenship purposes, a party's citizenship is the salient consideration. Since none of the parties have challenged this improper characterization, the Court will presume the citizenship of the parties is that of the stated residences.

"resident" of Missouri in that he is deceased. Moreover, Defendant states that it believes no estate has been opened for the distribution or defense of any assets of Defendant Curtis, and even if an estate had been opened, the time for filing a claim against this estate is barred because more than one year has passed between Curtis' death and the filing of this action. As such, the Notice of Removal states that Curtis' "residence" is immaterial to this action and should not be considered for removal purposes; the party allegedly responsible for Curtis' negligence, Hallmark Insurance Company, Curtis' insurer, is either a California company or an Arizona company.

Plaintiffs filed this Motion to Remand on the ground that there is not complete diversity of citizenship in that Plaintiffs and both Curtis and Sanchez, Defendant Ad Litem, are citizens of the State of Missouri.

## Discussion

Plaintiffs argue that neither Defendant Curtis's nor the Defendant Ad Litem, Joseph Sanchez's citizenship can be ignored. Plaintiffs rely on 28 U.S.C. § (c)(2), which provides, in pertinent part, "(c) For the purposes of this section and section 1441 of this title. . .(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent,. . ." Plaintiffs' reliance on this section, however, is misplaced. Sanchez is not the representative of

the estate of Curtis, rather, he is the Defendant Ad Litem pursuant to § 357.021. "Under this section, a defendant ad litem is a nominal defendant appointed by the probate court. He serves merely as the legal representative of a deceased tortfeasor and has no personal interest in or liability for the litigation. *State ex rel. Gannon v. Gaertner*, 592 S.W.2d 214, 216 (Mo.App.1979)." *Mulholland v. Schneider Service Co., Inc.* 661 F.2d 708, 712 footnote 5 (8th Cir. 1981). Moreover, a nominal party's "presence in the case may be ignored in determining jurisdiction," *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.,* 556 F.2d 400, 404 (8th Cir.1977), because its presence "has no controlling significance for removal purposes." *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir.1967).

In deciding whether a defendant ad litem can bring counterclaims in an action against a deceased defendant, the Eighth Circuit has discussed the distinctions between the representative of the estate and the defendant ad litem.

> To determine whether [the Defendant ad Litem] had the legal right to make such claims, we must examine the place of defendants ad litem under Missouri law and their distinction from personal representatives. In Missouri, causes of action survive an injured party's death and may be brought by that party's personal representative, as appointed by the probate court. Mo.Rev.Stat. § 537.020. Similarly, injured parties may maintain a cause of action against deceased parties. Mo.Rev.Stat. § 537.021.1(2). If a deceased tortfeasor is insured and the injured party seeks recovery from the insurer only, the court will appoint a defendant ad litem for the deceased. *Id*. On the other hand, if the deceased tortfeasor is uninsured, or if the injured party wishes to recover any

part of a judgment from the assets of his estate rather than the insurance policy, the court will appoint a personal representative to stand in place of the deceased in the proceedings. *Id*. The distinction seems relatively simple: the court appoints a personal representative whenever the assets of the estate are potentially involved, and a defendant ad litem whenever the sole assets involved are those of the deceased's insurer. See *In re Estate of Hayden*, 837 S.W.2d 31, 32 (Mo.Ct.App.1992).

If defendants ad litem were given the authority to sue for tort claims on behalf of the estate, as [the Defendant ad Litem] contends, it would render the state-law distinction between defendants ad litem and personal representatives meaningless. Missouri makes this distinction because "the 'real defendant' [in suits against a defendant ad litem] is the liability insurer." *Atlanta Cas. Co. v. Stephens*, 825 S.W.2d 330, 333 (Mo.Ct.App.1992). By asserting his counterclaims, [the Defendant ad Litem] is attempting to expand the limited scope of his status as defendant ad litem by asserting independent claims that belong to the estate, of which he is not the personal representative under Missouri law.

*American Home Assurance Co. v. Pope,* 487 F.3d 590, 605 (8th Cir.2007).

The distinction is clear and simple. In this case, Plaintiffs are seeking to recover from Curtis' insurer, not from his estate. Sanchez is the Defendant ad Litem, not the representative of Curtis' estate. Under § 537.021 and the applicable law, Curtis and Sanchez are nominal parties and thus, their citizenship need not be considered for the diversity of citizenship determination. Without consideration of the citizenship of either Curtis or Sanchez, the parties are completely diverse, and the Court has jurisdiction over this case. The motion to remand, therefore is without

merit.

## **Conclusion**

Based upon the foregoing analysis, the parties to this action are citizens of different states. As such, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 10], is **Denied**.

Dated this 9th day of December, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE