**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| John L. Hendrix and Justin Hendrix, and John F. Hendrix And Glenda Hendrix  Plaintiffs,  v.  Larry W. Curtis, deceased  And,  DIEUDONNE HILAIRE  And,  Werner Enterprises, Inc.  Defendants,  And,  Drivers Management LLC  **Serve:**  Person In Charge 14507 Frontier Rd. Omaha, NE 68138-3808 Defendants | Cause No.:4:09-CV-1079 |

**(PROPOSED)**
**SECOND AMENDED COMPLAINT FOR DAMAGES**

COUNT 1

COMES NOW, Plaintiffs John L. Hendrix and Justin Hendrix and by and through their attorney and for count 1 of their cause of action herein, state as follows:

1. That Plaintiffs are residents of the County of Jefferson, Missouri and Defendant Larry Curtis, deceased, was a resident of the county of Jefferson, Missouri. That Defendant Dieudonne Hilaire's whereabouts are unknown, and at the time of events described herein, was, a resident of the State of Florida. That Defendant Werner Enterprises is a corporation existing at law, and doing business in the state of Missouri.

2. That at all times relevant hereto Interstate Highway 55 at a the intersection of Highway 67, along with the "cloverleaf" access ramps and acceleration lanes connecting said highways, are open and public thoroughfares within the County of Jefferson in the State of Missouri.

3. That on or about the 1st day of May, 2008, Plaintiffs were passengers in a motor vehicle operated by Defendant Larry Curtis when Defendant Larry Curtis negligently and carelessly operated said motor vehicle so as to cause it to come into collision with an "18 wheeler" truck tractor with one trailer unit being operated by Defendant Werner Enterprise's employee Dieudonne Hilaire in the southbound lanes of Interstate highway 55.

4. That Defendant Larry Curtis was negligent in the operation of his motor vehicle in the following respects:

   a. He failed to keep a careful lookout.

   b. He operated his motor vehicle at excessive speed under the conditions.

   c. He failed to operate his vehicle within the travel portion of the merge/ acceleration ramp connecting southbound U.S. 67 with southbound Interstate 55, striking the inside curb and losing control of his motor vehicle.

   d. He failed to yield.

5. That as a direct result of the negligence of Defendant Larry Curtis and resulting collision as aforesaid, each Plaintiff's head, face, neck, nose, nasal cavities, spine, arms, legs, back, and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves, lungs organs and other soft tissues were severely wrenched, twisted, torn, impacted, crushed, aggravated and otherwise damaged, and each Plaintiff's nerves and entire nervous system were disturbed and injured and each Plaintiff has, and will in the future reasonably continue to, suffer pain of body and anguish of mind; that all of the functions of each Plaintiff's body, face, head, skull, neck, back and extremities have been permanently impaired, weakened and render painful, and that all the aforesaid parts of each Plaintiff's body have been seriously and permanently impaired and injured and rendered painful to each Plaintiff's damage; that each Plaintiff has incurred and will reasonably in the future continue to incur expense for medical care and treatment, and that each Plaintiff has been, and will in the future will be, prevented from working and earning income to support himself, that each plaintiff has been permanently disabled.

WHEREFORE, each Plaintiff prays for Judgment against Defendant Larry Curtis in such sum as will reasonably and justly compensate each Plaintiff for his damages sustained herein, and for such other and further relief that the Court deems just and proper.

COUNT II

Comes now Plaintiffs John L. Hendrix and Justin Hendrix, by and through their attorney, and for Count II of their cause of action herein, state as follows:

1. Plaintiffs re-plead and incorporate by reference the allegations of Count I as though fully set forth herein.

2. That at the time and place aforesaid, and in the course and scope of his employment, and acting as agent for and on behalf of Defendant Werner Enterprises, Defendant Dieudonne Hilaire was negligent in the operation of his motor vehicle in the following respects:

    a. He failed to keep a careful lookout.

    b. He operated his motor vehicle at excessive speed under the conditions.

    c. He knew, or by the use of the highest degree of care could have known there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, or slackened speed, but failed to do so.

    d. His motor vehicle came into collision with the rear of the vehicle Plaintiffs Justin and John G. Hendrix were passengers in.

3. That as a direct result of the negligence of this Defendant and resulting collision as aforesaid, each Plaintiff's head, face, neck, nose, nasal cavities, spine, arms, legs, back, and all the bones, muscles, tendons, tissues, joints, ligaments, vessels, nerves lungs, organs and other soft tissues were severely wrenched, twisted, torn, impacted, crushed, aggravated and otherwise damaged, and each Plaintiff's nerves and entire nervous system were disturbed and injured and each Plaintiff has, and will in the future reasonably continue to, suffer pain of body and anguish of mind; that all of the functions of each Plaintiff's body, face, head, skull, neck, back and extremities have been permanently impaired, weakened and render painful, and that all the aforesaid parts of each Plaintiff's body have been seriously and permanently impaired and injured and rendered painful to each Plaintiff's damage; that each Plaintiff has incurred and will reasonably in the future continue to incur expense for medical care and treatment, and that each Plaintiff has been, and will in the future will be, prevented from working and earning income to support himself, that each plaintiff has been permanently disabled.

WHEREFORE, each Plaintiff prays for Judgment against Defendants Dieudonne Hilaire, and Werner Enterprises Inc. his employer in such sum as will reasonably and

justly compensate each Plaintiff for his damages sustained herein, and for such other and further relief that the Court deems just and proper.

COUNT III

      Comes now John F. Hendrix, and Glenda Hendrix, by and through their attorney and for their cause of action against Defendants Larry Curtis, deceased, Dieudonne Hilaire, and Werner Enterprises Inc. state as follows:

      1) Plaintiffs replead the allegations of Counts I and II as though fully set forth herein.

      2) That Plaintiffs John F. Hendrix and Glenda Hendrix are, and at all times relevant hereto have been, the natural and custodial parents of Plaintiffs John L. Hendrix and Justin Hendrix. That on the first day of May, 2008, Plaintiffs John L. Hendrix and Justin Hendrix were minors and neither Plaintiff John L. Hendrix nor Justin Hendrix had reached the age of eighteen years. That Plaintiff's John F. Hendrix and Glenda Hendrix have paid for and incurred liability for the medical expense and bills for reasonable and necessary medical treatment provided to their injured sons as a result of the aforementioned negligence of Defendants herein and resulting vehicular accident.

      Wherefore, Plaintiffs John F. Hendrix and Glenda Hendrix pray for Judgment against Defendants Larry Curtis, deceased, Dieudonne Hilaire, and Werner Enterprises Inc. jointly and severally herein in such sum as will fairly and justly compensate them for their damages herein, and for such other and further relief as the Court deems just and proper.

COUNT IV

      Comes Now Plaintiffs John L. Hendrix and Justin Hendrix, and John F. Hendrix and Glenda Hendrix by and through their attorney and for Count IV of their cause of action herein state as follows:

1. Plaintiffs re-plead and incorporate by reference the allegations of Counts  I, II, and III as though fully set forth herein.

2. That Defendant Drivers Management LLC is a Limited Liability Company existing at law.

3. That at the time and place aforesaid Defendant Dieudonne Hilaire was acting in the course and scope of his employment for Drivers Management LLC.

      WHEREFORE, Plaintiffs each pray for judgment against Defendants Larry Curtis, deceased, Drivers Management LLC, Dieudonne Hilaire, and Werner Enterprises, jointly and severely, in such sum as will reasonably and justly compensate each plaintiff for their damages sustained herein, and for such other and further relief as the court deems just and proper.

Respectfully submitted,

                                    Bob Kister Trial Lawyer, LLC

                                    By____/s/ Bob Kister_____ __
                                    Attorney for Plaintiff
                                    Mo. Bar #28593
                                    PO Box 156
                                    1349 McNutt Rd.
                                    Herculaneum, MO  63048
                                    636-931-4459
                                    bobkister@jcn.net

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of July 2010, the foregoing was filed electronically with the Clerk of the Court and served by First Class U.S. Mail, postage prepaid, and electronically through e-mail upon the following:

Ralph Godsy
Boyle Brasher LLC
211 North Broadway Suite 2300
Saint Louis, MO 63102
(Attorney for Defendant Werner)

Rick Wuestling
Wuestling & James
Suite 2020
720 Olive St.
Saint Louis, MO 63101
(Attorney for Defendant Curtis)

                                    ___/s/ Bob Kister_____