IN THE UNITED STATES DISTRICT COURT
EASATERN DISTRICT OF MISSURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HENDRIX, and JUSTIN HENDRIX, | ) | |
| JOHN G. HENDRIX and GLENDA HENDRIX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:09-CV-01079 |
| | ) | |
| LARRY W. CURTIS, Deceased, | ) | JURY TRIAL DEMANDED |
| DIEUDONNE HILAIRE, | ) | |
| WERNER ENTERPRISES, INC., and | ) | |
| DRIVERS MANAGEMENT, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WERNER ENTERPRISES, INC'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES.**

COMES NOW Defendant, Werner Enterprises, Inc., ("Werner") by and through its undersigned attorneys, and for its Answer to Plaintiffs' Second Amended Complaint for Damages, states as follows:

**COUNT I**

1.      With regard to Paragraph 1 of Count I of Plaintiffs' Second Amended Complaint, to Defendant Werner's best knowledge and belief it admits that Plaintiffs are residents of Jefferson County, Missouri, that decedent Larry Curtis was a resident of Jefferson County but passed away, Dieudonne Hilaire was a resident of the State of Florida and Defendant Werner has its primary place of business in the State of Nebraska.  Except as admitted, any remaining allegations are denied.

2.      With regard to Paragraph 2 of Count I of Plaintiffs' Second Amended Complaint, Defendant Werner admits that Interstate 55, US 67, and whatever intersections, cloverleafs,

1

access ramps and acceleration lanes, which exist within Jefferson County, Missouri are open and public thoroughfares.

3.      With regard to the allegations contained in Paragraph 3 of Count I of Plaintiffs' Second Amended Complaint, Defendant Werner admits that on or about May 1, 2008, Larry Curtis negligently and carelessly operated his motor vehicle so as to collide with Defendant Werner's tractor trailer on Southbound I-55.  Except as admitted, any remaining allegations are denied.

4.      Defendant Werner admits each and every allegation contained in Paragraph 4 of Count I of Plaintiffs' Second Amended Complaint including the allegations contained in the sub-parts a. through d. of Paragraph 4.

5.      With regard to the allegations contained in Paragraphs 5 of Count I of Plaintiffs' Second Amended Complaint, Defendant Werner admits that whatever injuries Plaintiffs suffered, if any, were caused as a direct result of the negligence of Larry Curtis.  Except as admitted, any remaining allegations are denied.

## COUNT II

1.      With regard to Paragraph 1 of Count II of Plaintiffs' Second Amended Complaint, Defendant Werner re-pleads and incorporates by reference its responses to the allegations of Count I as though fully set forth herein.

2.      With regard to Paragraph 2 of Count II of Plaintiffs' Second Amended Complaint, Defendant Werner admits that at the time of the subject accident co-defendant Dieudonne Hilaire was under dispatch by Defendant Werner Enterprises and, for purposes of *Respondeat Superior* claims, Defendant Werner is responsible for the negligent acts or omissions, if any, of Mr. Hilaire, which it denies occurred, at the time of the subject accident.  However, Defendant

Werner denies each and every other allegation contained in Paragraph 2 of Count II of Plaintiffs'

Second Amended Complaint including the allegations contained in sub-paragraphs a. through c.

3.       Defendant Werner denies each and every allegation contained in Paragraph 3 of

Count II of Plaintiffs' Second Amended Complaint.

## COUNT III

1.       With regard to Paragraph 1 of Count III of Plaintiffs' Second Amended

Complaint, Defendant Werner re-pleads and incorporates by reference its responses to the

allegations of Counts I and II as though fully set forth herein.

2.       With regard to Paragraph 2 of Count III of Plaintiffs' Second Amended

Complaint, Defendant Werner admits that Plaintiffs John F. and Glenda Hendrix are the natural

parents of Plaintiffs Justin Hendrix and John L. Hendrix.  Defendant Werner further admits that

Plaintiffs Justin and John L. Hendrix were minors at the time of the subject accident.  Except as

admitted, Defendant Werner denies the allegations contained in Paragraph 2 of Count III of

Plaintiffs' Second Amended Complaint.

## COUNT IV

1.       With regard to Paragraph 1 of Count IV of Plaintiffs' Second Amended

Complaint, Defendant Werner re-pleads and incorporates by reference its responses to the

allegations of Counts I, II and III as though fully set forth herein.

2.       With regard to Paragraph 2 of Count IV of Plaintiffs' Second Amended

Complaint, Defendant Werner admits that Defendant Drivers Management LLC is a limited

liability company existing at law.

3.       With regard to Paragraph 3 of Count IV of Plaintiffs' Second Amended

Complaint, Defendant Werner admits that Defendant Hilaire was technically an employee of

Drivers Management, LLC.  However, Drivers Management, LLC is a wholly owned subsidiary of Werner, and at the time of the subject accident, Defendant Hilaire was under dispatch of Werner, for purposes of R*espondeat Superior*.  However, Defendant Werner denies each and every other allegation contained in Paragraph 3 of Count IV of Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      By way of further answer and first affirmative defense, if Plaintiffs incurred or sustained any injuries or damages as a result of the matters described in the Complaint, said alleged injuries or damages, if any, were caused, in whole or in part, by the negligence of Plaintiffs and/or Defendant Larry Curtis.

2.      By way of further answer and second affirmative defense, if Plaintiffs have incurred or sustained any losses, damages or injuries, said injuries, losses or damages, if any, were contributed to and/or caused, in whole or in part, by the carelessness or negligence of persons, corporations or entities other than this Defendant.

3.      By way of further answer and third affirmative defense, Plaintiffs are not entitled to any damages for injuries which may have been sustained to the extent they were increased and/or aggravated by Plaintiffs' failure to mitigate damages.

4.      By way of further answer and fourth affirmative defense, if Plaintiffs have suffered injuries, damages or disabilities, there must be an apportionment of such injuries or damages caused by illnesses, conditions, injuries or other causal factors not caused by this Defendant.

5.       By way of further answer and fifth affirmative defense, Defendant is entitled to a set-off for monies paid or to be paid for the benefit of Plaintiffs by other persons, corporations, or entities.

6.       By way of further answer and sixth affirmative defense, Plaintiffs' alleged injuries and damages must be allocated via a percentage of fault to other persons, corporations, or entities which caused, in whole or in part, any of Plaintiffs' alleged injuries or damages.

7.       By way of further answer and seventh affirmative defense, Defendant would further show that to the extent Plaintiffs' alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of Plaintiffs' claim against Defendant, Defendant is entitled to an offset or apportionment of such causes against any judgment.

8.       By way of further answer and eighth affirmative defense, portions or all of Plaintiffs' claims are barred to the extent they are subject to any prior release or settlement agreement.

## REQUEST FOR JURY TRIAL

9.       Defendant requests a trial by jury on all issues.

WHEREFORE, Defendant Werner Enterprises, Inc. prays for judgment in its favor and that it be awarded all its costs and expenses incurred herein, and that Werner Enterprises, Inc. be granted such other and further relief to which it may be justly entitled.

BOYLE BRASHER, LLC


                  /s/Ralph G. Godsy
William A. Brasher, MBE 30155
Ralph G. Godsy, MBE 41305
One Metropolitan Square
211 North Broadway, Suite 2300
St. Louis, MO 63102
314-621-7700          Fax – 314-621-1088
wbrasher@boylebrasher.com
rgodsy@boylebrasher.com
Attorneys for Defendant Werner Enterprises, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on 24th day of August, 2010, the foregoing was filed electronically with the Clerk of Court and served by First Class U.S. Mail, postage prepaid upon the following:

Bob Kister, Esq.
Bob Kister Trial Lawyer, LLC
P.O. Box 156
100 Scenic Plaza Drive
Herculaneum, MO 63048
636-931-4459          Fax - 636-937-2435
Attorney for Plaintiff

Timothy W. Callahan, Esq.
720 Olive Street, Suite 2020
St. Louis, MO 63101
314-421-6500          Fax – 314-421-5556
callahan@wuestlingandjames.com
Attorney for Defendant Ad Litem


                  /s/ Ralph Godsy


6